FEDERICO F. BASORA, demandante y apelante, *v.* MANUEL PADILLA, demandado; BERRÍOS HERMANOS, interventora y apelada.

Núm. 8661.—*Sometido:* Junio 15, 1943. *Resuelto:* Julio 8, 1943.

*Ubaldo Aponte,* abogado del apelante; *F. R. Aponte,* abogado del
demandado; *Rafael Dávila Ortiz,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Basora, el aquí apelante, demandó a Manuel Padilla en cobro de dinero ante la Corte Municipal de Yabucoa. Intervino en el pleito la sociedad Berríos Hermanos, y la corte municipal dictó sentencia a favor de la interventora, en agosto 21 de 1942. El 27 del mismo mes, Basora apeló para ante la Corte de Distrito de Humacao y en septiembre 10 de 1942 solicitó de la corte municipal sentenciadora una prórroga para radicar la transcripción de autos ante la corte de distrito. El término legal, que expiraba el 16 de septiembre de 1942, fué prorrogado por la corte municipal hasta el 25 del mismo mes. La transcripción fué radicada en la corte de distrito el 23 de septiembre de 1942, o sea siete días después de la expiración del término original y dos días antes de expirar la prórroga concedida por la corte municipal.

En septiembre 28 de 1942 la parte interventora solicitó de la corte de distrito la desestimación de la apelación interpuesta por Basora, por el fundamento de haberse radicado la transcripción de autos en la corte de distrito después de los veinte días siguientes a la fecha en que se interpuso la apelación y ser nula la prórroga de dicho término concedida por la corte municipal. Declarada con lugar la moción de desestimación, el demandante y apelante Basora apeló para ante esta Corte Suprema.

La cuestión que debemos considerar y resolver es si la corte municipal tenía facultad para prorrogar el término fijado por la ley para la radicación de la transcripción de autos en la corte de distrito.

El artículo 1 de la Ley para Reglamentar las Apelaciones contra Sentencias de las Cortes Municipales en Pleitos Civiles, aprobada en marzo 11 de 1908 (Cód. de Enj. Civil, Edición 1933, pág. 136), dispone que la transcripción de los autos deberá ser radicada en la secretaría de la corte de distrito dentro de los veinte días siguientes a la radicación del aviso de apelación; y continúa diciendo:

"Si la transcripción no fuere radicada en la corte de distrito dentro del término prescrito, o de la prórroga que *dicha corte* hubiere concedido al efecto, se desestimará la apelación." (Bastardillas nuestras.)

El texto inglés del párrafo que acabamos de transcribir lee así:

"If the transcript is not filed in the district court within the time prescribed or within such additional time as may have been granted *by the court* for the purpose, the appeal shall be dismissed." (Bastardillas nuestras.)

Arguye la interventora apelada, que de acuerdo con el texto español, supra, que a su juicio es el que debe prevalecer, es a la corte de distrito a la que corresponde la facultad de prorrogar el término para la radicación de la transcripción de autos. Sostiene el apelante, en contrario, que es el texto inglés el que debe prevalecer, por ser nuestro estatuto, según alega, una adaptación de las secciones 4838 y siguientes del Código de Enjuiciamiento Civil Revisado del Estado de Idaho (Idaho Revised Codes, tomo 2, pág. 257).

Un estudio comparativo de nuestro estatuto y de las citadas secciones del Código de Idaho, así como de las secciones correspondientes de los Códigos de California, Montana y Oregón, revela que no existe similitud entre dichos Códigos y el nuestro, no siendo por tanto sostenible la conten-

ción del apelante de que nuestro estatuto es de procedencia continental y que debe por tanto darse preferencia al texto inglés.

El artículo 13 del Código Civil provee las reglas que deberán aplicarse en caso de existir discrepancia entre los textos inglés y castellano de un estatuto local. De acuerdo con dichas reglas, el texto que debe prevalecer es aquél en que se hubiere originado el proyecto en cualquiera de las cámaras legislativas, salvo en los casos siguientes:

"(a) si el estatuto fuere una traducción o adaptación de un estatuto de los Estados Unidos o de algún Estado o Territorio de los Estados Unidos, se dará preferencia al texto inglés sobre el texto castellano; (b) si el estatuto fuere de origen español se atenderá al texto castellano con preferencia al texto inglés; (c) si la cuestión de preferencia no pudiera resolverse por las reglas precedentes, se atenderá al texto castellano."

No pudiendo resolver la cuestión de preferencia por las reglas establecidas por el artículo 13 del Código Civil, nos vemos precisados a resolver, de acuerdo con el párrafo (c) de dicho artículo, supra, que es el texto castellano del artículo 1 de la ley de marzo 11 de 1908 el que debe prevalecer sobre el texto inglés del mismo artículo.

Es tan claro el texto castellano del estatuto en cuestión, que debemos resolver como resolvemos que es a la corte de distrito a la que el legislador ha conferido la facultad de prorrogar el término legal para la radicación de la transcripción de autos en casos de apelaciones contra sentencias de las cortes municipales.

Siendo nula la prórroga concedida en el caso de autos por la Corte Municipal de Yabucoa, por carecer dicha corte de jurisdicción para concederla, no erró la corte de distrito al declarar con lugar la moción de desestimación del recurso.

*La sentencia recurrida debe ser confirmada.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Snyder no intervinieron.